U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 4 2014
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONALD MAURICE LIVINGSTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-624-A |
| | § | |
| AGRICULTURAL WORKERS MUTUAL AUTO INSURANCE COMPANY. | § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the motion of defendant, Agricultural Workers Mutual Auto Insurance Company, to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief may be granted. After having considered such motion, the response of plaintiff, Ronald Maurice Livingston, thereto, defendant's reply, the second amended complaint, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

Nature of the Claims Made by Plaintiff
in the Second Amended Complaint

Plaintiff asserted against defendant in the second amended complaint that (1) defendant engaged in discrimination against plaintiff in his employment based on plaintiff's age, (2) defendant breached an oral contract of employment with plaintiff

by terminating plaintiff's employment with defendant, (3) defendant's termination of plaintiff's employment was at a time when plaintiff was an officer of defendant and was protected by the by-laws of defendant from termination unless by action of defendant's Board of Directors, (4) his termination was wrongful because it was the result of his refusal to commit a criminal act, and (5) defendant defamed plaintiff by false statements of facts made by defendant, acting through a representative, concerning plaintiff in front of groups of employees of defendant.

II.

## The Grounds of the Motion to Dismiss

In response to plaintiff's breach of contract claim, defendant contended that the facts alleged would plausibly lead only to the conclusion that plaintiff was an at-will employee of defendant when plaintiff's employment was terminated, with the result that the second amended complaint failed to allege facts that would support a breach of contract claim.

Defendant responded to plaintiff's claim that he has a cause of action because termination of his employment had not been approved by the Board of Directors by contending that there is no private cause of action for unauthorized termination of an officer's employment.

As to plaintiff's claim that he was terminated because he refused to commit a criminal act, defendant responded that no facts are pleaded by plaintiff that would support a reasonable inference that his termination resulted from his refusal to commit a crime.

Defendant maintained that plaintiff's defamation claim should be dismissed because plaintiff has failed to plead facts that would lead to a plausible conclusion that defendant, through a representative, made statements about defendant that would constitute actionable defamation. In addition, defendant maintained that plaintiff has alleged no facts establishing that he suffered any damage by reason of the statements he claimed were defamatory.

As to the age discrimination claim, defendant maintained that the facts alleged by plaintiff do not support an inference that he was terminated, or compensated differently from others, because of his age.

III.

Analysis

A.  Applicable Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. The Breach of Contract Claim

Plaintiff acknowledged that when he went to work for defendant he was an at-will employee. He pleaded that an oral contract of employment came into existence because he was led to believe that he was being groomed to replace a higher ranking employee, and because he made a special effort to do things that would assist him in obtaining such a promotion. He claimed he is entitled to recover from defendant because defendant breached that oral agreement.

For plaintiff to be successful in the pleading of such a claim, he would be required under Texas law to plead facts establishing "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Grp., LLC, 490 F.3d 380, 387 (5th Cir. 2007). The terms of a contract must be certain enough that there is no doubt what the parties intended. See Nickerson v. E.I.L. Instruments, Inc., 874 S.W.2d 936, 939 (Tex. App.--Houston [1st Dist.], 1994, pet. denied).

Unless there is a "specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all." Montgomery Cnty. Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998). While an oral agreement can modify an employee's at-will status, the facts must indicate with certainty the employer's "definite intent to be bound not to terminate the employee except under clearly specified circumstances." Id. Plaintiff's allegations of fact, if accepted as true, would not establish the existence of a valid oral contract of employment.

Plaintiff's conclusory allegation that his "status as an at-will employee was modified when [he] was offered and accepted an oral contract to be promoted to senior vice-president upon Hencke's retirement," 2d Am. Compl. at 9, ¶ 14, does not satisfy plaintiff's obligation to plead facts from which the inference reasonably can be drawn that plaintiff has factual bases for a breach of oral contract claim. The facts plaintiff pleaded are too indefinite to lead to a plausible conclusion that plaintiff's at-will employment status was converted to a contractual employment status. See Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, LLC, No. 3:04-CV-2158-D, 2005 WL 1421446, at *3 (N.D. Tex. June 1, 2005)(holding that an allegation that the parties "entered into a written or oral agreement" without

6

offering additional supporting facts is a "conclusory allegation for the existence of an oral contract that is devoid of the factual support necessary to withstand dismissal under Rule 12(b)(6)").

For the reasons stated, plaintiff's breach of contract claim is to be dismissed.

C. <u>The Claim Based on Improper-Termination-of-an-Officer Theory</u>

This claim is based on the allegation that plaintiff, who had been selected as a vice president of defendant, could only be removed by defendant's Board of Directors. Defendant maintained in its motion that there is no private cause of action for unauthorized termination of an officer. The court decisions cited by defendant on page 9 of its motion and on pages 4-5 of its reply, while not factually in point, tend to support this ground of defendant's motion. Plaintiff cited on pages 6-8 of his response court decisions in support of his opposition to the motion to dismiss on this point, but the court does not consider those decisions persuasive. The court has not found any authority that would cause the court to think that plaintiff has alleged facts that would support a cause of action for "unauthorized termination of officer."

7

There is no reason to think that the Texas Supreme Court is likely to create, or recognize such a cause of action. Therefore, that claim is to be dismissed.

D. The Claim Based on Theory that Plaintiff Was Terminated Because He Would Not Commit a Crime

This claim appears to be predicated on the holding of the Texas Supreme Court in Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985). For a plaintiff to prevail on a Sabine Pilot claim, he must allege and prove that (1) his employer directed him to commit a crime carrying criminal penalties, (2) he refused to commit the crime, and (3) his employer discharged him for the sole reason that he refused to commit the crime. Id. at 735. See also Safeshred, Inc. v. Martinez, 365 S.W.3d 655, 659 (Tex. 2012); Ed Rachal Found. v. D'Unger, 207 S.W.3d 330, 332 (Tex. 2006). Sabine Pilot applies only if the plaintiff is forced to choose between committing a criminal act and being discharged. See Burling v. Davis, No. 01-00-01279-CV, 2002 WL 188485, at *2 (Tex. App.--Houston [1st Dist.] Feb. 7, 2002, no pet.)(not designated for publication); see also Winters v. Houston Chronicle Publ'g Co., 795 S.W.2d 723, 724 (Tex. 1990)(holding that the plaintiff did not qualify for a Sabine Pilot cause of action "because he was not unacceptably forced to

8

choose between risking criminal liability or being discharged from his livelihood").

Plaintiff has not alleged facts that, if believed, would state a <u>Sabine Pilot</u> cause of action. He alleged that he witnessed many severe breaches of fiduciary duties on the part of a fellow employee, and that he refused to sit by and allow his fellow employee to breach his fiduciary duties. However, there is no allegation of facts in the second amended complaint indicating that plaintiff was directed by defendant to commit a crime, that any action he refused to perform carried criminal penalties, that he refused to do anything that would have been a crime if he had done it, or that if he refused to commit a crime he would be discharged.

Moreover, plaintiff's allegations affirmatively establish that his discharge was not solely because of circumstances that he argued constituted refusal to commit a crime. He made the allegation on page 6 of his second amended complaint that his "interference with [activities of a fellow employee that he considered to be to the detriment of defendant] and his age were the ultimate and actual reasons for his termination." 2d. Am. Compl. at 6, ¶ 9.

Thus, plaintiff never alleged that he was required to commit any of the acts that he argued were illegal, and he affirmatively

9

alleged that the termination of his employment was the result of something other than a refusal to commit a crime. For the reasons stated, plaintiff's Sabine Pilot claim is to be dismissed.

E.   The Defamation Claim

Plaintiff's defamation claim is based on plaintiff's allegation that defendant's president directed one of defendant's fellow employees to tell other employees of defendant that plaintiff had been "guilty of severe insubordination by going behind [the president's] back to the Board." Id. at 7, ¶ 10, 11, ¶ 17.

For a claim of defamation to be stated, the plaintiff must allege that (1) the defendant published a statement of fact, as opposed to opinion, (2) the statement was false, (3) the statement was defamatory concerning the plaintiff, and (4) that the defendant acted negligently regarding the truth of the statement. See Main v. Royall, 348 S.W.3d 381, 389 (Tex. App.-- Dallas 2011, no. pet.). A defamatory statement is one that an ordinary person would interpret in a way that "tends to injure [] a person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach [the] person's honesty, integrity, virtue, or reputation." Id.

The decision of whether a statement is reasonably capable of a defamatory meaning is a question of law to be decided by the court. See Musser v. Smith Protective Servs., Inc., 723 S.W.2d 653, 654-55 (Tex. 1987). In making that determination, the court should consider "how a person of ordinary intelligence would perceive the entire statement." Id. at 655. The court has concluded that the statement of which plaintiff complained was not reasonably capable of a defamatory meaning. A person of ordinary intelligence would not perceive the statement as exposing plaintiff to public hatred, contempt or ridicule, or financial injury, or as impeaching plaintiff's honesty, integrity, virtue, or reputation.

Moreover, the court agrees with defendant that the statement of which plaintiff complained is more of a statement of an opinion than of fact. The fact incorporated into the statement was that plaintiff said or reported something to defendant's Board of Directors. The embellishment that his having done so constituted "severe insubordination" or "going behind Hill's back" are mere expressions of opinions. The only fact, i.e.,

that plaintiff said or reported something to the Board of Directors, included in the statement apparently was true.[1] Beyond that, the content of the allegedly defamatory statement was nothing more than opinions.

For the reasons stated, plaintiff's defamation claim is to be dismissed.

F. The Age Discrimination Claim

The integrity of plaintiff's claim that defendant discriminated against him by reason of his age can perhaps best be measured by an allegation made on page 10 of the second amended complaint. Plaintiff unqualifiedly alleged that he was terminated from his employment with defendant for a reason other than his age, stating that "[p]laintiff refused to sit by and allow Hill to continue to breach his fiduciary duties to the company and it was this reason that he was terminated from his employment with Defendant." 2d Am. Compl. at 10, ¶ 16 (emphasis added). Plaintiff did allege at other places in his complaint that age was one of the factors that led to his termination. On page 6 he alleged that his "interference with [the activities of a superior] and his age were the ultimate and actual reasons for

---

[1] Plaintiff alleged in the second amended complaint that he "sought to remedy [issues about which he had concern] by asking for the assistance of board members and other officers . . . ." 2d. Am. Comp. at 6, ¶ 9. And, plaintiff alleged that his "actions in dealing with the Board of Directors was at all times with the consent and assurance of Hill." Id. at 11, ¶ 18.

12

his termination," id. at 6, ¶ 9; but, at page 7 plaintiff alleged that "Hill feared that [plaintiff] might go to a competitor and implement his proven idea there, to Ag Worker's detriment" and that plaintiff "believes that this was the reason that Hill began a campaign to destroy Plaintiff's business reputation," id. at 7, ¶ 10. He alleged on that same page that he believed that the reason defendant gave for termination of his employment "was not true and was but a pretext to discriminate against him because of his age and because he stood in the way of continued breaches of fiduciary duties." Id.

Plaintiff asserted age-discrimination claims under the Texas Commission on Human Rights Act ("TCHRA") as well as the Age Discrimination in Employment Act ("ADEA"). "Under the ADEA, a plaintiff must prove that age was the 'but for' of the challenged adverse employment action," Reed v. Neopost USA, Inc., 701 F.3d 434, 440 (5th Cir. 2012), while "[u]nder the TCHRA, however, a plaintiff need only show that age was a 'motivating factor' in the defendant's decision," id. The allegations of plaintiff in his second amended complaint fail to satisfy either standard. For that reason alone, plaintiff fails to state a claim of employment discrimination based on his age. More generally, when the court considers the allegations of fact in the second amended complaint in their entirety, the court cannot reasonably infer

13

that plaintiff was subjected to employment discrimination because of his age. His conclusory allegations to that effect do not carry the day under Twombly and Iqbal.

A plaintiff alleging age discrimination in employment, whether under federal law or state law, must plead facts that show either (1) direct evidence of age discrimination or (2) indirect evidence of age discrimination by showing a prima facie case based on circumstantial evidence. See Acker v. Deboer, Inc., 429 F. Supp. 2d 828, 837 (N.D. Tex. 2006). Plaintiff has done neither.

"Direct evidence is evidence that, if believed, proves the fact in question without inference or presumption." Id. That includes, in the employment discrimination context, "any statement or document which shows on its face that an improper criterion served as a basis--not necessarily the sole basis, but a basis--for [an] adverse employment action." Id. For "stray remarks," such as those on which plaintiff relies, to constitute direct evidence of discrimination, the alleged discriminatory conduct must (1) relate to the protected class of persons of which the plaintiff is a member, (2) occur proximate in time to the termination, (3) be made by an individual with authority over the employment decision at issue, and (4) relate to the employment decision at issue. See Holmes v. Drug Enforcement

14

Admin., 512 F. Supp. 2d. 826, 845 (W.D. Tex. 2007); see also Jackson v. Cal-W. Packaging Corp., 602 F.3d 374, 380 (5th Cir. 2010).

Stray remarks such as those attributed in the second amended complaint to plaintiff's superior regarding the ages of other employees are not to be considered probative of discriminatory intent or policies because the remarks were not about plaintiff, and in no way related to plaintiff's termination. See Jackson, 602 F.3d at 380. The inquiries of plaintiff concerning his age do not relate to termination of his employment. Plaintiff himself admitted in the amended complaint that he believed the questions about his age were meaningless at the time. 2d Am. Compl. at 4-5, ¶ 8. In any event, the mere fact that such questions were asked does not constitute proof of direct discrimination. See Aker, 429 F. Supp. 2d at 839. And, the alleged difference in pay and failure to pay PTO, if true, could well be based on factors independent of age discrimination.

The second amended complaint is similarly lacking in factual allegations that, if believed, would established a prima facie case of age discrimination. A prima facie case is established by showing that (1) plaintiff is a member of a protected group, (2) he was qualified for the position at issue, (3) he was discharged or suffered some adverse employment action, and (4) he was (i)

15

replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) suffered an adverse action because of his age. See Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005). Plaintiff failed to allege any facts that would lead to a reasonable inference that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged or discriminated against because of his age.

For the reasons stated, plaintiff's age discrimination claim is to be dismissed.

G. Conclusion

Having concluded that all of plaintiff's claims are to be dismissed, the court is granting defendant's motion to dismiss in its entirety. The facts pleaded by plaintiff do not allow the court reasonably to infer that any theory of relief alleged by plaintiff is plausible.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss plaintiff's second amended complaint for failure to state a claim upon which relief may be granted be, and is hereby, granted; and

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED December 4, 2014.

_____
JOHN McBRYDE
United States District Judge